## Jonosko v. Fahey

*Eli T. Connor, 3d,* for plaintiff.
*F. J. Mervine,* for defendant.

SHULL, P. J., August 2, 1940.—This matter is before the court upon a motion for security for costs.

Were we to dispose of this matter as it is now before us, we would, of necessity, direct the entering of security for costs under our rule; but we agree with the contention of plaintiff's counsel that the rule relative to costs is not an unbending one, and that an impecunious person should not be deprived of the privilege of pursuing his rights through litigation from the mere fact that he cannot enter security for costs. However, there is nothing before this court upon which a finding could be based that it is either impossible or an undue hardship for this plaintiff to enter security; therefore, this matter is prematurely submitted to the court. There should be in this record the affidavit in forma pauperis, as provided for by act of assembly, or evidence from which the court could fairly find that the financial condition of this litigant is such that he fairly should be permitted to pursue his

claim without first entering security. We are, therefore, not passing upon the question at this time.

And now, August 2, 1940, counsel for plaintiff is allowed 30 days after notice of this order within which to file proof, as required by law, that his client is impecunious and unable to furnish security, after which the matter may be submitted to the court in regular form; otherwise, rule to show cause why security for costs should not be entered to be made absolute and plaintiff directed to enter security for the sum of $200, to be approved by the court.